IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ATG SPORTS INDUSTRIES, INC.

      Plaintiff,

vs.                                            Case No. 08-1334-JTM

ANDOVER UNIFIED SCHOOL DISTRICT,

      Defendant.

MEMORANDUM AND ORDER

      This is a contest over the playing field of the Andover, Kansas School District Stadium. Plaintiff ATG Sports Industries, Inc. sued defendant School District (U.S.D. 385) in Butler County, Kansas District Court, arguing that the District violated the Kansas competitive bidding statute (K.S.A. 72-7660) in refusing to contract with ATG to provide turf for the stadium. According to ATG's state court Petition, it was the lowest bidder for the turf contract, but the District awarded the contract to a competitor, FieldTurf, through favoritism.

      ATG obtained a temporary restraining order against any further installation of synthetic turf at the stadium. However, the state court subsequently lifted the order, and refused to grant a preliminary injunction, in light of FieldTurf's existing progress in the installation of the turf. The District moved to recover its costs associated with defending the case. ATG obtained permission to

add a claim for damages under 42 U.S.C. § 1983 for alleged denial of its due process rights, and amended its complaint. The District removed the action to this court. (Dkt. No. 1).

There are several motions before the court. The District has moved to dismiss the § 1983 claim. (Dkt. No. 10). Subsequently both the District (Dkt. No. 22) and ATG (Dkt. No. 25) have moved for judgment on the pleadings. ATG has also moved for conversion of the District's original motion to summary judgment. (Dkt. No. 19). Finally, ATG has filed a motion for sanctions against the District.

The District argues that, as a disappointed bidder, ATG's sole remedy under Kansas law is to seek injunctive relief. *See Interior Contractors, Inc. v. Board of Trustees of Newman Mem. County Hosp.*, 185 F.Supp.2d 1216, 1228-29 (D. Kan. 2002). It stresses that similar claims involving actions by unsuccessful bidders have held that an action for damages does not exist under federal law. *See Buckley v. Const. v. Shawnee Civ & Cultural Dev.*, 933 F.2d 853, 857-58 (10th Cir. 1991); *Interior Contractors*, 185 F.Supp. at 1228-29.

ATG argues that courts have not absolutely rejected the existence of a property interest in bidding situations, but have determined that the result is dependent on a case-by-case analysis of state law. *See Buckley*, 933 F.2d at 857-58. ATG also quotes (repeatedly) the following passage from Judge Crow's decision in *Interior Contractors*

> The next inquiry is how this responsibility (determining low responsible bidder) is to be determined. Here, again, the authorities speak with practically one voice. The governing body of the city – the mayor and council, or commissioners, as the case may be – must determine the fact, and such determination cannot be set aside, unless the action of the tribunal is arbitrary, oppressive, or fraudulent. The determination of the question who is the lowest responsible bidder does not rest in the exercise of an arbitrary and unlimited discretion, but upon a bona fide judgment, based upon facts tending to support the determination. The statute will not be so interpreted as to afford a cover for favoritism. The city authorities are required to act fairly and

>honestly, upon reasonable information, but when they have so acted their decision cannot be overthrown by the court.

185 F.Supp.2d at 1227. Finally, ATG submits a detailed accounting of the history of the bidding for the turf project (Dkt. No. 15, at 3-9; 15-20).

The court finds that the plaintiff's § 1983 claim is ripe for adjudication by defendant's motion for dismissal, that conversion to summary judgment is unnecessary, that a detailed consideration of the history of the bidding process is not controlling. That is, Kansas law establishes that an action for injunctive relief is plaintiff's sole remedy as a matter of law. Accordingly, dismissal of the § 1983 claim is appropriate under Rule 12(b)(6). *See Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007) (the court accepts as true all of the well-pleaded facts advanced by the nonmovant).

A protectible property interest is a necessary element of ATG's § 1983 claim. *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000). ATG has failed to demonstrate the existence of a property interest in the award of the turf contract, because Kansas law precludes actions for damages based upon an unsuccessful bid for a public contract. *See Sutter Bros. Constr. v. City of Leavenworth*, 238 Kan. 85, 89-90, 708 P.2d 190 (1985). The disappointed bidder's remedy is injunctive relief to stop "the award of the contract." *Id.* at Syl. ¶ 3.

Nothwithstanding ATG's attempts to distinguish *Buckley* and *Interior Contractors*, the court finds that these cases persuasively demonstrate the absence of any protectible interest in the present contract award. Although *Buckley* does hold that such an analysis should be performed on a case-by-case basis, the essence of the present case is similar to that presented in *Buckley*. In Buckley, the court analyzed Oklahoma law and concluded that Oklahoma law, which provided that contracts should be awarded to the "lowest responsible bidder," Okla.Stat. tit. 61, § 103 (1981), granted broad

discretion to the contracting authority, and thus substantially limited any property interest a disappointed bidder might have in the process.

In *Interior Contractors*, Judge Crow analyzed *Buckley* in the context of the Kansas competitive bidding statute, which provides that government contracts should be awarded to the "lowest and best bid." K.S.A. 19-214. As in *Buckley*, this is a broad grant of discretion to the contracting authority to consider a variety of issues affecting the performance of the contract. The result is that the bidder possesses "only a unilateral hope of being awarded the contract" under Kansas law. 185 F.Supp.2d at 1229. This court agrees: the discretion accorded the contracting authority under K.S.A. 72-7660 is broad, and prevents any claim for damages here. ATG's remedy was restricted to an action for injunctive relief.

The passage from *Interior Contractors* cited on several occasions by ATG merely establishes that good faith and an absence of favoritism are prerequisites to a rule immunizing contract awards from challenges by disappointed bidders and second-guessing by the courts. But it does not contradict the general principle otherwise established under Kansas law that the mechanism for such challenges are restricted to injunctive relief only, and not actions for damages.

The District has counterclaimed for its attorneys fees and expenses in defending against the injunction. The District seeks $27,022 in attorneys fees and $8462 in expenses, The District has moved (Dkt. No. 22) for a judgment on the pleadings in its favor as to the counterclaim. ATG has moved (Dkt. No. 29) for the same result in its favor.

In any event it would be precipitate to grant an award in favor of the District on its counter claim. The District provided no documentation at all relating to its attorneys fees until its Reply memorandum, and, as ATG points out, it has had no opportunity at this early stage of the litigation

to conduct any inquiry into the reasonableness of the amounts claimed by the District. More fundamentally, however, the court finds the counterclaim is fatally flawed, and judgment on the pleadings as to the counterclaim should be awarded in favor of the plaintiff.

The District's claim is flawed because the dissolved order was a restraining order issued pursuant to K.S.A. 60-903, not a temporary injunction issued pursuant to K.S.A. 60-905. Only the latter contains a provision explicitly authorizing recovery by the enjoined for damages based on a surety bond. K.S.A. 60-905 provides that bonds are generally required as a condition for any temporary injunction to "secur[e] to the party injured the damages such injured party may sustain, including attorneys fees if it be finally determined that the injunction should not have been granted." But K.S.A. 60-903, which governs the issuance of restraining orders, contains no such provision.

ATG argues that the statutes must be construed together, and stresses language from *Alder v. City of Florence*, 194 Kan 109, 397 P.2d 375 (1964), where the court noted that "expenses and attorneys fees may be recovered on the dissolution or vacation *of a restraining order* on a temporary injunction when the same was wrongfully obtained." (Emphasis added). The court in *Alder* was dealing with a temporary injunction rather than a restraining order, and thus the additional language would in any event be dicta.

Much more importantly, however, the passage cited comes shortly after the court noted the existence of occasional confusion as to the distinction between restraining orders and temporary injunctions. The court noted that the issue was "clarified" in *Bowman v. Hopper*, 125 Kan. 680, 682 265 P. 743, 744 (1928), where the court had written:

> While a restraining order does not technically operate as a temporary injunction, except for the briefest practical time, to be followed up with a hearing for a temporary injunction, yet, by neglect of the party who procured the restraining order

5

> to follow it up or by reason of inaction on the part of the court itself, the restraining order may become, in effect, a temporary injunction, which it appears to have done in the case at bar.

The *Alder* court then concluded that it was also presented with an instance where, under the circumstances of the case, "the *ex parte* restraining order issued by the trial court became, in effect, a temporary injunction." 194 Kan. at 109. The language cited by ATG must be read with the understanding that the court was dealing with restraining orders which have been transformed into temporary injunctions.

Accordingly, ATG has failed to present any authority for the proposition that the dissolution of a restraining order issued under K.S.A. 60-903 – which has not in any way become an "effective temporary injunction" – *automatically* entitles the enjoined party to attorney fees.

It is a fundamental rule of Kansas law that attorney fees should be awarded only where clear statutory authority exists for such relief. *Hayes Sight & Sound v. ONEOK, Inc.*, 281 Kan. 1287, 1333, 136 P.3d 428 (2006). No such authority exists in K.S.A. 60-903. In addition, the explicit authorization for such recovery in the temporary injunction statute, K.S.A. 60-905, exemplifies an intent by the legislature that parties should *not* automatically recover for the costs of a dissolved restraining order.

Finally, the court notes ATG's motion for sanctions with respect to the counterclaim for fees and costs. This motion will be denied. ATG supports its motion with nothing more a single sentence which both incorporates its argument in favor of its motion for judgment on the pleadings, and adds the conclusory allegation that the counterclaim is "not warranted by existing law or by a nonfrivilous

argument for extending, modifying or reversing exiting [sic] law or for establishing new law." (Dkt. No. 35, at 2). ATG presents no citation of any authority discussing the standards for an award of sanctions under Fed.R.Civ.P.11.

> Rule 11(b) provides that by signing a pleading, an attorney attests that
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

The inquiry is objective. Even if an attorney had a subjective belief the pleading was valid, sanctions may still be awarded if a reasonable, competent attorney would not have shared that belief. *White v. General Motors Corp.*, 908 F.2d 675, 680 (10th Cir.1990). Sanctions may be awarded in the absence of any subjective bad faith. *Burkhart ex rel. Meeks v. Kinsley Bank*, 804 F.2d 588, 589 (10th Cir.1986). This court has wide discretion in determining wither a claim or argument is warranted by the law. *See Schrag v. Dinges*, 150 F.R.D. 664, 682 (D.Kan.1993) *(citing Dodd Ins. Serv. v. Royal Ins. Co. of America*, 935 F.2d 1152, 1155 (10th Cir.1991).

While the court finds that the District's counterclaim is without merit, the court finds that no violation of Rule 11 occurred. Given the presence of such a claim for relief in K.S.A. 60-905 and that language in *Alder v. City of Florence* which facially seems to support a claim for recovery upon

the dissolution of a restraining order, the court finds in its discretion that no Rule 11 violation occurred.

IT IS ACCORDINGLY ORDERED this 26th day of June, 2009 that the plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 29) and defendant's Motion to Dismiss (Dkt. No. 9) are hereby granted; plaintiff's Motion for Sanctions (Dkt. No. 34) and defendant's Motion for Judgment on the Pleadings (Dkt. No. 22) are hereby denied.

                                                s/ J. Thomas Marten
                                                J. THOMAS MARTEN, JUDGE