IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ATG SPORTS INDUSTRIES, INC.

    Plaintiff,

vs.                    Case No. 08-1334-JTM

ANDOVER UNIFIED SCHOOL DISTRICT
U.S.D. 385,

    Defendant.

MEMORANDUM AND ORDER

This is matter is before the court on the motion of the defendant Andover School District to alter or amend the court's prior Memorandum and Order. In that Order (Dkt. 39), the court denied plaintiff ATG's motion for sanctions but granted its motion for judgment, and granted the school district's motion to dismiss while denying its motion for judgment. In so holding, the court found that ATG's sole remedy as a disappointed bidder was an action for injunctive relief under Kansas law, not an action for damages. Second, it found that the district's attempt to obtain attorney fees and expenses was "fatally flawed" and granted judgment on that issue to the plaintiff.

The defendant has subsequently moved under Fed.R.Civ.Pr. 59(3) to alter and amend the Order, seeking a determination that the court should not have resolved the attorney fees issue, and issue should be resolved instead by a remand to the Kansas courts.

A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

The defendant's motion, which establishes none of the prerequisites for relief under Rule 59, will be denied. The school district has shown no manifest error of law, no newly discovered evidence, no intervening change in the law. Instead, the defendant merely argues that the court should have deferred ruling on the issue of attorney fees, and resolved the issue solely on the basis of a lack of federal jurisdiction.

This is a new position, however. Prior to the court's Order, the defendant school district separately and explicitly urged the court to resolve the attorney fees issue in its favor. (Dkt. 22). In its memorandum in support of this motion, the school district asked for some $35,000 in fees and expenses and requested judgment on the issue in its favor. (Dkt. 23, at 4). Earlier, in its initial motion for judgment, the school district stated that the issue of fees and expenses "can and should be remanded to the state court for decision if the issue is not addressed and decided by this Court before

decision on this motion." (Dkt. 9, at 1). The school district, having explicitly urged the court to resolve the issue in its favor, has waived any objection to the court's adverse resolution of the issue.

IT IS ACCORDINGLY ORDERED this 22nd day of December, 2009 that the defendant's Motion to Alter and Amend (Dkt. 43) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE